IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY LEE JOHNSON,

        Plaintiff,                  No. CIV S-07-1880 MCE KJM P

    vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.         ORDER

/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $27.70 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007)  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff claims he broke a tooth when he bit down on a rock which was in his portion of beans.  He sues the Solano County Sheriff's Department and Aramark Food Services.

        A plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  Plaintiff has made no attempt to tie the named defendants to his injury and has not otherwise named any of those involved with the food preparation at Solano County Jail.  He will be given the opportunity to amend his complaint, if he is able to do so while complying fully with Federal Rule of Civil Procedure 11.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

/////

3

1 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
2 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
5 amended complaint be complete in itself without reference to any prior pleading. This is
6 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
7 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
8 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
9 original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.

11       In accordance with the above, IT IS HEREBY ORDERED that:

12       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

13       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee of $27.70. All fees shall be collected and paid in
15 accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

16       3. Plaintiff's complaint is dismissed.

17       4. Plaintiff is granted thirty days from the date of service of this order to file an
18 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
19 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
20 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
21 an original and two copies of the amended complaint; failure to file an amended complaint in
22 accordance with this order will result in a recommendation that this action be dismissed.
23 DATED: December 11, 2007.

                                      U.S. MAGISTRATE JUDGE

25 2/john1880.14